# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
07/22/2021
CT Log Number 539945385

| | |
|---|---|
| **TO:** | Patti King<br>Sentry Insurance<br>1501 N POINT DR<br>STEVENS POINT, WI 54481-1132 |
| **RE:** | Process Served in Wisconsin |
| **FOR:** | Sentry Insurance  (Cross Ref Name)  (Domestic State: WI)<br>Sentry Insurance Company (True Name) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | N.E. Bridge Contractors, Inc., Pltf. vs. Sentry Insurance, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Instructions, Order, Complaint |
| **COURT/AGENCY:** | Bristol County Superior Court, MA<br>Case # 2173CV00443 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Madison, WI |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/22/2021 at 12:32 |
| **JURISDICTION SERVED :** | Wisconsin |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days |
| **ATTORNEY(S) / SENDER(S):** | Alan Brian Almeida<br>Connor & Hilliard, P.C.<br>1350 Main St<br>Walpole, MA 02081<br>508-668-4774 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/22/2021, Expected Purge Date: 07/27/2021<br><br>Image SOP<br><br>Email Notification,  Michelle Gear  michelle.gear@sentry.com<br><br>Email Notification,  Amy Genskow  amy.genskow@sentry.com<br><br>Email Notification,  Patti King  patti.king@sentry.com<br><br>Email Notification,  Marlene Narel  marlene.narel@sentry.com<br><br>Email Notification,  Haven Schultz  haven.schultz@sentry.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>301 S. Bedford Street<br>Suite 1<br>Madison, WI 53703<br>866-331-2303 |



# Service of Process Transmittal
07/22/2021
CT Log Number 539945385

**TO:** Patti King
Sentry Insurance
1501 N POINT DR
STEVENS POINT, WI 54481-1132

**RE:** **Process Served in Wisconsin**

**FOR:** Sentry Insurance  (Cross Ref Name)  (Domestic State: WI)
Sentry Insurance Company (True Name)

CentralTeam1@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 2 of  2 / JG

## Commonwealth of Massachusetts

BRISTOL, ss.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2173 CV00443

N. E. Bridge Contractors, Inc. PLAINTIFF(S),

vs.

Sentry Insurance _____ DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO: **Sentry Insurance** (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the **Dane County** Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2. **How to respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, **Dane County** Court, **P.O. Box 8066, Madison, WI 53708** (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: **1350 Main Street, Walpole, MA 02081**

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss"**, if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at **www.mass.gov.courts/case-legal-res/rulesofcourt.**

4.   **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at **www.mass.gov/courts/selfhelp**.

5.   **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and **must** appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant".

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____ . (SEAL)

Marc J. Santos,
Clerk/Magistrate

**NOTE:** The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20____, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____
_____
_____

Dated: _____, 20____    Signature: _____

**N.B.    TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

| CIVIL ACTION COVER SHEET | DOCKET NUMBER<br>2173CV00443 | Trial Court of Massachusetts<br>The Superior Court  |
|---|---|---|
| | | COUNTY Bristol Superior Court (New Bedford) |

| Plaintiff | N.E. Bridge Contractors, Inc. | Defendant: | Sentry Insurance |
|---|---|---|---|
| ADDRESS: | 2 Lopes Drive | ADDRESS: | 1800 North Point Drive, Stevens Point, WI 54481 |
| Plaintiff Attorney: | Jessica Deratzian / Brian Almeida / Alan Almeida | Defendant Attorney: | |
| ADDRESS: | 1350 Main Street, Walpole, MA 02081 | ADDRESS: | |
| BBO: | 672754 / 696005 / 016013 | BBO: | |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A99 | Violation of G.L. c. 176D | F | ☒ YES   ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?   ☒ YES  ☐ NO          Is there a class action under Mass. R. Civ. P. 23?  ☐ YES  ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS

A. Documented medical expenses to date
  1. Total hospital expenses
  2. Total doctor expenses
  3. Total chiropractic expenses
  4. Total physical therapy expenses
  5. Total other expenses (describe below)

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages                                                             $738,000.00
F. Other documented items of damages (describe below)
Anticipated treble damages of $2,214,000.00

TOTAL (A-F):  $738,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Violation of G.L. c. 176D

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X _____     Date: July 2, 2021

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X _____     Date: July 2, 2021

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action Involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA, etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party †

| | |
|---|---|
| PA1 Contract Action Involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action Involving an Incarcerated Party | (F) |
| PD1 Equity Action Involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

**A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.**

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1-88) | DOCKET NUMBER<br>2173CV00443 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>N E Bridge Contractors, Inc vs. Sentry Insurance Foundation, Inc doing business as Sentry Insurance | | Marc J. Santos, Clerk of Court<br>Bristol County |
| TO: Alan Brian Almeida, Esq.<br>Connor and Hilliard<br>1350 Main St<br>Walpole, MA 02081 | | COURT NAME & ADDRESS<br>Bristol County Superior Court - New Bedford<br>441 County Street, 1st floor<br>New Bedford, MA 02740 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                                                 DEADLINE

|  | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 09/09/2021 | |
| Response to the complaint filed (also see MRCP 12) | | 10/12/2021 | |
| All motions under MRCP 12, 19, and 20 | 10/12/2021 | 11/08/2021 | 12/08/2021 |
| All motions under MRCP 15 | 10/12/2021 | 11/08/2021 | 12/08/2021 |
| All discovery requests **and depositions** served and non-expert depositions completed | 04/07/2022 | | |
| All motions under MRCP 56 | 05/09/2022 | 06/06/2022 | |
| Final pre-trial conference held and/or firm trial date set | | | 10/04/2022 |
| Case shall be resolved and judgment shall issue by | | | 06/12/2023 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | | PHONE |
|---|---|---|---|
| 06/11/2021 | Dina Swanson | | (508)996-2051 |

Date/Time Printed: 06-11-2021 12:06:05                                                                                                        SCV026\ 08/2018

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.                                   SUPERIOR COURT DEPARTMENT
                                               CIVIL ACTION NO. 2173CV00443

| | |
|---|---|
| N.E. BRIDGE CONTRACTORS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | AMENDED |
| v. ) | PLAINTIFF'S COMPLAINT |
| ) | |
| SENTRY INSURANCE ) | |
| Defendant. ) | |
| ) | |

NOW COMES the Plaintiff, N.E. BRIDGE CONTRACTORS, INC., in the above-entitled matter, by and through its attorneys, and alleges and states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, N. E. Bridge Contractors, Inc. ("NEB" or "Plaintiff"), is a Massachusetts corporation with a principal place of business located at 2 Lopes Drive, Norton, Massachusetts.

2. Sentry Insurance ("Sentry") is a Wisconsin Insurance company organized under the laws of Wisconsin, which conducts business in the Commonwealth of Massachusetts but which has not registered with the Secretary of State of the Commonwealth, with its principal place of business in the State of Wisconsin located at 1800 North Point Drive, Stevens Point, WI, 54481 with a registered agent located at CT CORPORATION SYSTEM, 301 S Bedford Street, Suite 1, Madison, WI, 53703.

1

3. This Court has subject matter jurisdiction over the instant action, as the claims alleged herein present the likelihood of recovery that exceeds $50,000.00.

4. This Court has jurisdiction of this action under G.L. c. 223A § 3, as it has had "sufficient contacts" with Massachusetts both generally and in connection with the causes of action alleged in this Complaint to satisfy the requirements for this Court to exercise personal jurisdiction over Sentry.

5. Venue is also proper in this Court pursuant to G.L. c. 223 §1 because as set forth hereinabove the Plaintiff's principal place of business is located in Norton Massachusetts.

## FACTS

6. In early May 2019, NEB brought its Western Star truck to Power Products Systems, LLC ("Power Product") to repair and install the Engine.

7. The Truck remained at Power Product's shop for almost ten (10) weeks while Power Products repaired and installed the Engine.

8. On or about July 28, 2019, while en route to a job, the driver of the Truck noticed smoke emanating from the passenger seat. The driver promptly pulled the Truck over and escaped the vehicle. The cabin of the Truck caught fire and emergency services were called.

9. On or about September 12, 2019, all parties involved appeared for a joint forensic investigation. As a result of this investigation, it was determined that Power Product was responsible for the Engine fire.

10. It was determined that during installation of the Engine's starter, Power Product's mechanic failed to install the hold down nut on the stud of the starter head.

11. On or about August 20, 2020, Plaintiff's counsel contacted Sentry regarding payment of NEB's deductible on NEB's insurance policy with Hanover Insurance Company. Sentry agreed to pay said deductible directly to Aspen Aerials, the company responsible for repairing the under arm extension portion of the truck. as liability was clear and not in dispute. Aspen Aerials would not start work on the truck unless the deductible was paid in advance.

12. Over the next four months Plaintiff's counsel had repeatedly corresponded with Sentry's adjuster to determine the amount of lost revenue caused by the incident.

13. On or about December 16, 2020, Plaintiff's counsel emailed Sentry to inform Sentry that the repairs to the vehicle were complete and that NEB would determine the final figures of lost revenue.

14. Over the next several months Plaintiff provided considerable evidence of lost revenue, including several contracts and affidavits from clients of NEB.

15. Sentry assured Plaintiff's counsel that they would have an offer of resolution promptly.

16. On January 11, 2021, Plaintiff's counsel emailed Sentry's adjuster and provided him with a total figure of loss of use damages.

17. On February 3, 2021, almost three weeks later, Sentry's adjuster responded and requested documentation as to the damages, which had been sent to him six (6) months previous. That same day, Plaintiff's counsel responded and informed Sentry that they had all of the documentation necessary to evaluate damages.

18. On March 2, 2021, Plaintiff's counsel reached out to Sentry requesting a settlement offer.

19. Having received no response, Plaintiff's counsel emailed Sentry on April 13, 2021 checking on the status of the resolution to the claim. Plaintiff's counsel also informed Sentry that her client would move forward with a G.L. c. 176D demand letter if a resolution was not forthcoming.

20. Sentry then requested and extension through the end of the month and assured Plaintiff's counsel that an offer would be forthcoming. Plaintiff's counsel reluctantly agreed to the extension based on the assurance that an offer would be made by the end of the month.

21. On April 23, 2021, Sentry contacted Plaintiff's counsel and informed her that the claim had been sent over to Glenn Ricciardelli of Matson Driscoll & Damico, a outside forensic accountant, to analyze the loss of use aspects of the claim. There was no prior notice that the claim would be sent to an outside firm.

22. Sentry assured Plaintiff's counsel that the accounting firm would be in contact with Plaintiff's counsel in just a few days. It was a week before any contact was made with Plaintiff's counsel.

23. On April 29, 2021, at the end of the month, Glenn Ricciardelli emailed Plaintiff's counsel requesting documentation that had already been sent to Sentry.

24. On May 6, 2021, Plaintiff's counsel informed Sentry that the offer of resolution was supposed to be made by the end of the month and the Plaintiff would be sending the previously mentioned G.L. c. 176D demand letter.

25. On May 6, 2021, Plaintiff's counsel sent Sentry said demand letter.

26. On May 19, 2021, Plaintiff's counsel contacted Sentry to determine a resolution short of filing a lawsuit.

27. Having no response within the required thirty (30) day timeframe required under the statute, Plaintiff filed this instant lawsuit.

## COUNT I (G.L. c. 176D, G.L. c. 93A § 9 )

28. Plaintiff re-alleges the foregoing allegations of the Complaint and incorporates the same as if they were fully set forth herein.

29. Sentry is engaged in the conduct of trade or business in Massachusetts as defined for purposes of G.L. c. 93A, specifically in conducting the trade or business of providing insurance to the public.

30. A violation of G.L. c. 176D ("Chapter 176D"), which prohibits unfair insurance claims settlement practices, is also expressly a violation of G.L. c. 93A § 9.

31. Chapter 176D prohibits failing to reach a prompt and fair settlement once liability has become reasonably clear, by failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies and failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.

32. Plaintiff provided any and all information and documentation relevant to the incident, and cooperated fully with Sentry's requests for information.

33. Sentry has violated Chapter 176D by delaying its evaluation of damages for over six months while implying that a fair and reasonable offer was forthcoming.

34. Moreover, the evidence in Sentry's custody clearly demonstrates that its insured is fully liable for the incident as a result of a joint investigation conducted on September 12, 2019 in which it was determined that its insured was responsible for the incident. Additionally, Sentry accepted full liability for the incident.

35. In Addition, NEB provided Sentry with all necessary documents to prove NEB's loss of use income.

36. In light of the above mentioned facts and practices, Sentry violated G.L. c. 93A, including, deceitfully and willfully and unreasonably delaying Plaintiffs' claim for loss of use when liability was evident, by failing to ensure prompt and reasonable settlement thereafter.

WHEREFORE, the Plaintiffs respectfully requests that this Honorable Court:

(i) Enter judgment in their favor and against the Plaintiff on its count on the Complaint;

(iii) Award the Plaintiff its fees and costs incurred in the pursuit of this action, including their reasonable costs and attorney's fees pursuant to G.L. c. 93A;

(v) Award Plaintiff double or treble damages and attorney's fees and costs, as the Court may deem appropriate, as a result of Sentry's violations of G.L. c. 93A and G.L. c. 176D; and

(i) Award the Plaintiff any such other relief as this Court deems just in light of the foregoing circumstances.

THE PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE

Respectfully submitted,
N.E. Bridge Contractors, Inc.,
By its Attorneys,

Date: July 2, 2021

Alan B. Almeida, BBO# 016013
Jessica Deratzian BBO# 672754
Brian C. Almeida BBO# 696005
Connor & Hilliard, P.C.
1350 Main Street, Walpole, MA 02081
Telephone: (508)668-4774
Facsimile: (508)660-2458

SERVED PERSONAL SUBSTITUTE

AT 12:15P M THIS 22nd DAY OF July 20 21
AT THE _____ CITY _____ OF _____ MADISON

KALVIN D. BARRETT

BY _____ #703
                                  Deputy Sheriff