**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| N.E. BRIDGE CONTRACTORS, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. 1:21-CV-11354-LTS |
| | ) | |
| SENTRY INSURANCE, | ) | |
|     Defendant. | ) | |
| | ) | |

**PLAINTIFF N.E. BRIDGE CONTRACTORS, INC.'S**
**OPPOSITION TO DEFENDANT SENTRY INSURANCE'S**
**MOTION FOR SUMMARY JUDGMENT**

NOW COMES N.E. Bridge Contractors, Inc. ("Plaintiff" or "NEB"), by and through its attorneys, who hereby submit the following opposition to Defendant Sentry Insurance's ("Defendant" or "Sentry") Motion for Summary Judgment (the "Motion").

## I.    THIS COURT HAS ALREADY DETERMINED THAT NEB'S CLAIM IS BROUGHT PURSUANT TO G.L. c. 93A § 11.

The Motion consists of nothing more than reiterating the arguments that Sentry unsuccessfully advanced in its Motion to Dismiss the instant action with additional pomp and circumstance, none of which provides any substantive heft to suggest a different outcome upon this second iteration. Appropriately, then, the Motion begins by rehashing the theory that NEB's reference to G.L. c. 93A § 9 in its pleading as opposed to G.L. c. 93A § 11 proves fatal to NEB's claims, this time adding the additional spin that NEB continues to pursue a claim under the former, rather than the latter, because NEB did not amend its pleading to reflect the statutory section under which NEB pursues relief, despite the Court's invitation to do so.   Motion, p. 5-6. However, the Motion only reaches this conclusion by failing to closely read Judge Sorokin's

1

Order denying Sentry's Motion to Dismiss, Document No. 16 in the sequence of docket entries in the instant action (the "Order") which reads in relevant part that: "(a)s the Plaintiff concedes, there is no Section 9 claim and, to the extent such a claim is asserted, it reflects a typographical error. Accordingly, **the Court considers the claim as one under Section 11.** Plaintiff **may** file an amended complaint correcting the error within seven days." Order (Emphasis Added).

The language of the Order makes clear that the Court determined that NEB's claim sounded in G.L. c. 93A § 11, and that any reference to G.L. c. 93A § 9 was typographical error rather than substantive flaw. Likewise, the Order's use of the permissive "may" with respect to NEB's ability to file an amended complaint to correct the typographical error makes clear that the Court viewed an amended pleading as permissive and solely to avoid the perpetuation of an embarrassing typographical error, rather than necessary to avoid the substantive consequences, or else the Order would have used the word "shall" to compel NEB's filing of an amended pleading. NEB's choice to be content with the Order's declaration of the status of its claims as sounding in G.L. c. 93A § 11 without filing an amended pleading to revise a typographical error does not leave NEB vulnerable to summary judgment. The Motion fails to provide any authority for the proposition that form would trump substance in this circumstance or in any other, particularly when the Order ruled on the substance of the claim asserted by NEB. Sentry's proffered arguments along this vein are demonstrably flawed, and the Motion must be denied.

## II.   NEB HAS SUFFICIENTLY SET FORTH IN ITS PLEADING A CLAIM FOR RELIEF PURSUANT TO G.L. c. 93A § 11.

In an instance where Sentry's argument is more "shot-for-shot" remake than "reboot" of that which was advanced at the motion to dismiss stage, Sentry declares that "(p)laintiff has not pleaded facts that would satisfy [the G.L. c. 93A § 11] standard, nor can it." Motion, p. 19.

However, turning once again to the Order, Judge Sorokin already determined that "the Complaint plausibly, albeit somewhat thinly, alleges a claim under M.G.L. Chapter 93A, Section 11." Thus, Sentry's argument with respect to the allegations of NEB's pleading being insufficient to sustain a claim pursuant to G.L. c. 93A § 11 has already been rejected. Focusing upon the allegations of NEB's pleading is likewise a tacit concession that Sentry has not, and cannot, proffer sufficient factual heft from which it can contend that summary judgment is appropriate as a factual matter. For these reasons, and for those below in which concessions regarding the viability of the Motion shift from tacit to explicit, the Motion must also be denied.

III.    THERE EXIST GENUINE ISSUES OF MATERIAL FACT WHICH PREVENT THE ENTRY OF SUMMARY JUDGMENT.

NEB concurs with Sentry that the requisite standard by which to evaluate the Motion is whether "there is no genuine issue of material fact and [whether] the moving party is entitled to judgment as a matter of law." Motion, p. 4 (internal citations omitted). It should come as no surprise that NEB likewise concurs that the Motion must be viewed "in the light most hospitable [to NEB], indulging all reasonable inferences in" NEB's favor, and also that the requisite inquiry is "not to weigh the evidence and determine the truth of the matter." Id. at 5. As it must, the Motion likewise acknowledges the reality that Sentry "bears the initial burden of asserting the absence of a genuine issue of material fact." Id.

Despite these acknowledgements, the Motion takes the unorthodox and ultimately unavailing approach of conceding that "**(t)his is the unusual case in which a party seeking summary judgment presents facts that are clearly in dispute**." Motion, p. 17 (Emphasis Added). An unusual case, indeed, that a party who concedes the "facts are clearly in dispute" moves for summary judgment. Id. This bizarre concession should begin, and end, this Court's analysis of

3

the Motion.  Even if the intention of Sentry's argument is to contend that the existence of disputed facts preempts NEB's claim sounding in G.L. c. 176D derivative of G.L. c. 93A § 11, Sentry is unable to contend that there exists no genuine issue of material fact while simultaneously asserting that the facts it presents on the summary judgment record are clearly in dispute, particularly when the appropriate lens by which the Motion must be viewed is in the light most favorable to NEB.  Sentry cannot sustain its threshold burden of asserting the absence of a genuine issue of material fact, and therefore cannot reach the remainder of its arguments with respect to the Motion.  Accordingly, the Motion can and should be denied on this basis.

While the Motion's arguments concerning the factual record appear to be entirely free from the influence of Sentry's fondly remembered but ultimately unsuccessful Motion to Dismiss, they are the continuation of one such argument that was advanced at that early stage only to be revived at least in spirit in the form of the Motion.  Sentry concedes that the facts are disputed yet presents its factual argument in full force in an effort not to dispel disputed material facts as would be appropriate at the summary judgment stage, but instead to advocate for its own characterization of the operative facts.   The Motion to Dismiss made the very same error, substituting Sentry's own subjective opinion as to whether NEB could sustain its claims and declaring that likelihood "doubtful," yet in doing so conceding that there exists a scenario where such a factual proffer could be made.  Still now, Sentry concedes that the facts remain in dispute, but asks for summary judgment to be awarded, when it simply cannot.

Sentry's Statement of "Undisputed" Facts (the "Statement") illustrates these infirmities and presents additional vulnerabilities to the Motion's success.  In large part, the Statement merely recites those actions taken by Sentry with respect to its interactions with NEB, but that alone does not sustain the burden of demonstrating that Sentry acted in conformance with G.L. c. 93A

4

§ 11.  If such a recitation of actions were sufficient, the purpose of G.L. c. 176D claims derivative of G.L. c. 93A § 11 against any insurer would be entirely defeated, as an insurer would merely need to recite its conduct, and assert it made a reasonable claim decision, without demonstrating the claim decision was reasonable by way of a factual determination of the underlying claim decision itself.  The Statement's mere observation of and reliance upon a motion for summary judgment filed by Sentry's insured in the underlying state court litigation has no bearing on the questions posited by the Motion, as until a determination on such underlying motion is made and with it a determination of whether liability exists on the part of Sentry's insured, Sentry is no closer to demonstrating that there exists no dispute of material fact as to whether Sentry behaved appropriately in rejecting NEB's claim against Sentry's insured.

Not only is Sentry's recitation of its mere actions insufficient, without any additional factual heft as to the underlying circumstances and whether Sentry's course of actions was reasonable in relation thereto, but said recitation is fatally incomplete.   The Statement relies upon the Affidavit of Sentry's counsel, and the exhibits thereto present correspondence from Sentry's expert, Glenn Ricciardelli ("Ricciardelli") to the undersigned counsel for NEB.  However, the proffered correspondence fails to include many of the replies of undersigned counsel, in which NEB provided Ricciardelli with essentially all the information that he requested, only to still find itself litigating against Sentry in the instant action, and Sentry's insured in the underlying case. The Affidavit of Brian C. Almeida, Esq. (the "Almeida Affidavit"), submitted herewith, provides this additional context.  For the reasons set forth in the Almeida Affidavit, and for additional reasons as set forth in each contested averment in NEB's Response to the Statement (the "Response"), also submitted herewith, the Motion must be denied as NEB has demonstrated

5

genuine disputes of material fact in addition, of course, to those that the Motion already concede exist upon this record.  See Response, ¶3, 6, 7, 10, 13-15; Almeida Affidavit, Exhibit A.

Sentry's expert insisting upon the production of documents that do not exist, or documents that are entirely unnecessary for the simple determination of damages that NEB contends Sentry should have undertaken to determine the liability of its insured, can certainly form the basis for NEB's claim.  Indeed, if NEB's contentions are correct, it would be revealed that Sentry's strategy in insisting upon copious production to justify claims that do not require such validation is a particularly clever mechanism by which to effectuate a violation of G.L. c. 93A § 11. Sentry's expert does not dictate what is reasonable, and what is not, and the record before the Court cannot make such a determination on this record absent information that is not and cannot be present therein. For all the reasons set forth hereinabove, the Motion must be denied.

WHEREFORE NEB respectfully requests that this Honorable Court:

1.  DENY Sentry's Motion for Summary Judgment.

                                        Respectfully submitted,
                                        N.E. Bridge Contractors, Inc.,
                                        By its Attorneys,

Date: August 16, 2022                   /s/ Brian C. Almeida, Esq.
                                        Alan B. Almeida, Esq.        BBO# 016013
                                        almeida@connhill.com
                                        Brian C. Almeida, Esq.       BBO# 696005
                                        briana@connhill.com

                                        Connor & Hilliard, P.C.
                                        1350 Main Street, Walpole, MA 02081
                                        Telephone: (508)668-4774
                                        Facsimile:  (508)660-2458

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the Clerk of the United States District Court for the District of Massachusetts by way of the CM/ECF system, and that service upon counsel of record for the other parties to this action via electronic mail, by agreement of the parties to accept service in such a manner.

/s/ Brian C. Almeida, Esq.
Brian C. Almeida, Esq.